USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/26/2019

JUDGE CAPRONI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————— x
In re Application of AENERGY, S.A. for an Order :
Pursuant to 28 U.S.C. § 1782 to Conduct Discovery :
for Use in a Foreign Proceeding, :
                                                     :
                                           *Petitioner.* :
————————————————————— x

19MISC 542

Case No.: _____

## [PROPOSED] ORDER GRANTING APPLICATION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

THIS CAUSE came before the Court upon the Application of Aenergy, S.A. ("AE" or "Petitioner") for Judicial Assistance Pursuant to 28 U.S.C. § 1782 ("Application"). The Court, having considered the Application, the supporting materials, and otherwise being fully advised in the premises, finds as follows:

     A.     Petitioner has met the requirements under 28 U.S.C. § 1782 for granting the requested judicial assistance and relief.

     B.     For purposes of the instant Application, General Electric Company ("GE" or "Respondent") resides or is found in the United States District Court for the Southern District of New York.

     C.     The discovery sought through this Application is for use in a foreign proceeding.

     D.     Petitioner, in its capacity as a party-litigant, is an interested person within the meaning of the statute.

E. The discretionary factors described by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004), weigh in favor of granting the requested assistance.

F. More particularly: (1) at present, the requested discovery appears not to be obtainable through an order from the foreign court; (2) there is no indication that the foreign court would not be receptive to U.S. federal-court judicial assistance as requested in the Application; (3) the Application does not appear to conceal an attempt to circumvent foreign proof-gathering restrictions; and (4) the Application appears to seek discovery that is not unduly intrusive or burdensome, as the evidentiary requests appear to be narrowly tailored both substantively and temporally.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Application is **GRANTED**.

2. Any discovery taken pursuant to this Order will be governed by the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

3. Petitioner's request for leave to conduct discovery, including leave to serve subpoenas substantially similar in form to Exhibit 1 to the declaration of Vincent Levy is **GRANTED**. The subpoenas shall include as an attachment a copy of this Order.

4. In light of the time-sensitive nature of Petitioner's request, the following deadlines shall govern discovery, unless modified by order of this Court or otherwise agreed in writing by Petitioner and Respondent:

- Promptly upon receiving service of the subpoenas, Respondent through its counsel shall meet and confer in good faith with counsel for Petitioner to seek to identify and address any objections Respondent may have, and to identify suitable search parameters and search terms for compliance, bearing in mind the timetable for Petitioner to be able to timely file its complaint with the aid of the information sought by the subpoenas.

- Responses and objections to the subpoenas, and any motion to quash, shall be served within 10 days of service of the subpoenas. Such motion to quash shall include any and all objections that Respondent may have, including not just whatever objections Respondent may have under Section 1782 or *Intel*, but also all objections to the scope of discovery requested. Any objection not identified within the 10 days will be deemed waived. Moreover, to the extent Respondent does wish to interpose objections, those objections shall identify with specificity those parts of the requests as to which Respondent has no objection. *See* Fed. R. Civ. P. 34(b)(2)(B) & (C).

- In the event Respondent moves to quash, Petitioner's opposition papers shall be due within 7 days of service of any motion to quash, and Respondent's reply papers shall be due within 3 days of service of Petitioner's opposition.

- Respondent shall substantially complete their production of responsive documents within 14 days of service of the subpoenas or, if a motion to quash is made, within 48 hours of a ruling on any motion to quash; provided that, as to any subset of responsive documents not subject to any objections or a motion to quash, those documents shall be produced within 14 days of service of the subpoenas.

5. Respondent is directed to take all steps reasonably necessary to retain all documents in its possession, custody or control (including without limitation those in the possession, custody or control of its subsidiaries) that are or may be responsive to the subpoenas or otherwise relevant to this Application or the foreign proceedings until such time as Petitioner communicates to them that the preservation is no longer necessary or until further order of this Court.

6. Nothing in this Order should be construed to prevent or otherwise foreclose Petitioner from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

IT IS SO ORDERED, this 22nd day of November 2019.

_____
UNITED STATES DISTRICT COURT JUDGE