UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ x
:
In re Application of Aenergy, S.A. for an Order Pursuant : No. 1:19-mc-00542-VEC
to 28 U.S.C. § 1782 to Conduct Discovery for Use in a :
Foreign Proceeding, :
: **[PROPOSED] INTERIM**
: **STIPULATED**
: **PROTECTIVE ORDER**
------------------------------------------ x

Having found that good cause exists, the Court enters, with the consent of the parties to this Proceeding, the following Interim Protective Order under Federal Rule of Civil Procedure 26(c)(1) to facilitate the production of documents and to maintain the confidentiality and limit the use of produced information.

**I.    Reservation of Rights**

1. This Protective Order will be in effect until the Court imposes a superseding permanent protective order, whether on motion or pursuant to a stipulation by the Parties.

2. AE reserves the right to challenge any superseding permanent protective order proposed or requested by GE, and this Protective Order is without prejudice to such rights of AE.

3. Nothing in this Protective Order shall limit AE's use of any information it obtains or has obtained independently of GE's production for any purpose.

4. By entering into this stipulation, the parties do not intend to shift the burden in connection with any subsequent application by the parties.

**II.    Definitions**

5. "**AE**" shall mean Aenergy, S.A. and any current or former director, officer, or employee thereof.

6. "**Contemplated Action**" shall mean the proceeding AE is intending to bring in the courts of the Republic of Angola seeking judicial review of the President of Angola's denial

of AE's administrative appeal of a decision by the Angolan Ministry of Power and Water ("MINEA") to terminate AE's 13 contracts with two public Angolan companies - Empresa Pública de Produção de Electricidade ("PRODEL") and Empresa Nacional de Distribuição de Electricidade ("ENDE").

7. **"Discovery Material"** shall mean any and all materials, whether physical or electronic, produced or adduced in the course of discovery in this Proceeding, including responses to Subpoenas, deposition testimony and exhibits, and information derived directly therefrom.

8. **"GE"** shall mean General Electric Co., and any current or former director, officer, or employee thereof, as well as all its subsidiaries and business units.

9. **"Party"** or **"Parties"** shall mean AE and GE.

10. **"Privileged Matter"** shall mean any Discovery Material subject to the attorney-client privilege, work product doctrine, or any other privilege or protection.

11. **"Proceeding"** shall mean the above-captioned action.

12. **"Qualified Person"** shall have the meaning ascribed to it in paragraph 17 below.

13. **"Subpoena"** or **"Subpoenas"** shall refer to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "**Document Subpoena**") and the Subpoena to Testify at a Deposition in a Civil Action (the "**Deposition Subpoena**") issued pursuant to the Order of the Court in this Proceeding on November 22, 2019 and served by AE.

### III. Confidentiality

14. Any person who receives any Discovery Material pursuant to this Protective Order shall not disclose such Discovery Material to anyone else except as expressly permitted

hereunder and for the purpose of prosecuting this Proceeding or the Contemplated Action, or in connection with related proceedings with the Angolan government entities in Angola, but not in any proceedings against GE.

15. Any person receiving any Discovery Material pursuant to this Protective Order shall maintain such Discovery Material in a secure and safe manner, and the recipient shall exercise all reasonable standards of due and proper care with respect to the storage, custody, and use of such Discovery Material so that it is not further disclosed or used, either intentionally or inadvertently, in any manner inconsistent with this Protective Order.

16. The protections conferred by this Protective Order cover not only Discovery Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Discovery Material.

17. Undersigned counsel for AE shall limit disclosure of Discovery Material to the following persons ("Qualified Persons"), provided that each such person has first reviewed the Protective Order and executed an Acknowledgement and Agreement to be Bound in the form annexed as Exhibit A hereto:

   a. Any outside counsel for AE, including any paralegal, clerical and other assistant employed by such counsel, so long as that person is provided with a copy of this Protective Order, agrees to be bound by its terms, and signs the Acknowledgement attached hereto as Exhibit A, provided that the lawyers and employees of Holwell, Shuster & Goldberg shall have no obligation to sign Exhibit A;

   b. Mr. Ricardo Machado (CEO of AE) and Mr. Vasco Caetano Faria (counsel to AE), so long as each is provided with a copy of this Protective Order, agrees to be

bound by its terms, submits to the jurisdiction of this Court, and signs the Acknowledgement attached hereto as Exhibit A;

18. Each Acknowledgement and Agreement to be Bound in the form annexed as Exhibit A hereto signed by a Qualified Person shall be retained by the undersigned counsel to AE for as long as this Protective Order remains in effect.

## IV. Permitted Use of Discovery Material

19. Any Discovery Material produced in response to the Subpoenas may be utilized by Qualified Persons solely in the Contemplated Action, or in connection with related proceedings with the Angolan government entities in Angola, but not in any proceedings against GE. AE shall not use Discovery Material in any other proceeding or disclose it for any other purpose without advance written consent of GE or permission from this Court.

20. Should any person bound by this Protective Order be lawfully compelled to disclose or turn over Discovery Material by subpoena, order of a court, or where a regulatory or governmental entity so requires, AE shall immediately notify counsel for GE of such requirement, provide copies of documents indicating that AE is lawfully compelled to produce the Discovery Material, and allow a reasonable amount of time for GE to seek relief from this Court and/or from the court or entity requiring production before complying with such subpoena, order of a court, or demand from a regulatory or government entity. No person bound by this Protective Order who receives a subpoena, civil investigative demand, or other process seeking Discovery Material shall produce such Discovery Material unless (a) ordered by a court having competent jurisdiction, or (b) such production or disclosure is consented to by the GE.

21. Unless otherwise ordered by the Court, all Discovery Material must be destroyed if no Contemplated Action is filed within six months after the completion of discovery in this Proceeding.

22. Within six months of the conclusion of the Contemplated Action, including any appeals, AE shall return all Discovery Material to counsel for GE, or certify in writing that it was safely destroyed.

**V.    Miscellaneous**

23. The inadvertent disclosure or production of Privileged Matter shall not in and of itself waive the privilege or protection nor result in a subject matter waiver of any kind. Upon learning of the inadvertent production of Privileged Matter, the Producing Party must promptly give written notice to all counsel for the other parties that the Discovery Material is, in whole or in part, Privileged Matter, was inadvertently produced and state the nature of the privilege. Upon receipt of such notice, all parties who received copies of the Discovery Material identified in such notice shall within five (5) business days: (1) return to counsel for the Producing Party all such Discovery Material; or (2) destroy or permanently delete all Discovery Material and copies thereof and certify to counsel for GE that they have destroyed or permanently deleted all unreturned material. Except to the extent set forth herein: (a) this paragraph does not alter or modify the otherwise applicable requirements for establishing that Discovery Material is subject to a privilege or protection; and (b) returning Discovery Material pursuant to this paragraph does not waive or otherwise alter the right of a party to object to the basis of the privilege asserted or to bring a motion to compel the production of such a Discovery Material.

24. This Protective Order may be amended or modified by further agreement of the Parties in writing or by an order of the Court.

25. Nothing in this Protective Order shall prevent GE from using or disclosing its own information for any purpose.

26. The failure to stamp or mark Discovery Material does not constitute a waiver, and all Discovery Material must be kept confidential and otherwise maintained in accordance with this Protective Order.

27. AE shall assure compliance with this Protective Order by its respective affiliates, although not named as parties herein, and AE shall be responsible for any violation of this Protective Order by any such affiliate or its counsel.

28. Any breach or violation of this Protective Order may be punishable as contempt of Court. The Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligation arising under this Protective Order or to impose sanctions for any contempt thereof, without prejudice to any other remedy GE may have in any other forum.

29. This Protective Order shall survive the termination of both this Proceeding and the Contemplated Action.

IT IS SO STIPULATED.

| **On behalf of Aenergy S.A.:** | **On behalf of General Electric Company:** |
| --- | --- |
| December 20, 2019 | December 20, 2019 |
| HOLWELL SHUSTER & GOLDBERG LLP | COVINGTON & BURLING LLP |
| By: /s/ Vincent Levy<br>    Scott M. Danner<br>    Kevin D. Benish<br>    425 Lexington Avenue,<br>    New York, New York 10017<br>    Tel.: (646) 837-5151<br>    Fax: (646) 837-5150<br>    Email: vlevy@hsgllp.com | By: /s/ David Z. Pinsky<br>    620 Eighth Avenue<br>    New York, NY 10018<br>    Tel.: (212) 841-1177<br>    Email: dpinsky@cov.com |

SO ORDERED:

_Valerie Caproni_ 12/23/2019
HON. VALERIE E. CAPRONI
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re Application of Aenergy, S.A. for an Order Pursuant : No. 1:19-mc-00542-VEC
to 28 U.S.C. § 1782 to Conduct Discovery for Use in a :
Foreign Proceeding, :
:
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I hereby acknowledge that I have read and understand the Interim Protective Order entered in the above-captioned action on [DATE], and agree to be bound by its terms. I agree that I will not disclose Discovery Material to anyone not entitled to receive such Discovery Material or for purposes other than use in the Contemplated Action, and that at the conclusion of the Contemplated Action I will promptly return all Discovery Material to the attorney from whom I received it. I also agree to notify any secretarial, clerical or supporting personnel who are required to assist me of the terms of said Protective Order and to take steps to ensure their compliance with the terms of the Protective Order and their execution of an Acknowledgement and Agreement to Be Bound by the Protective Order. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself, and hereby agree, to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising with respect to my obligations under the Protective Order and that my violation of any term of the Protective Order could subject me to punishment by the United States District Court for the Southern District of New York for contempt of Court, as well as any other remedial measure available to GE under applicable law. I hereby designate Holwell

Shuster & Goldberg LLP, counsel for Petitioner in the above-captioned action, as my representative upon whom may be served any lawful process in connection with my obligations under the Protective Order or this Acknowledgment and Agreement.

Date: _____ Signature: _____
Printed Name: _____
Title: _____