USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/7/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
                                         :
In re Application of Aenergy, S.A. for an Order Pursuant    :    No. 1:19-mc-00542-VEC
to 28 U.S.C. § 1782 to Conduct Discovery for Use in a     :
Foreign Proceeding,                                      :
                                         :    [~~PROPOSED~~] **STIPULATED**
                                         :    **PROTECTIVE ORDER**
                                         :
---------------------------------------- x

       Having found that good cause exists, the Court enters, with the consent of the parties to this Proceeding, the following Protective Order under Federal Rule of Civil Procedure 26(c)(1) to facilitate the production of documents and to maintain the confidentiality and limit the use of produced information.

**I.    Definitions**

       1.    "**AE**" shall mean Aenergy, S.A. and any current or former director, officer, or employee thereof.

       2.    "**Confidential Information**" shall mean all non-public information relating to, referencing, or pertaining to (i) commercially or competitively sensitive information or proprietary information of GE, the disclosure of which would create substantial risk of competitive or business injury to GE or otherwise be disadvantageous to GE's business interests (*e.g.*, marketing documents, business relationships with other parties and other similar information), (ii) personal financial information, (iii) personal identifying information of the type described in Rule 5.2 of the Federal Rules of Civil Procedure, protected by any U.S. or foreign law, or other personally sensitive information, (iv) material that is confidential pursuant to applicable law, including trade secrets, or (v) any other material that the GE believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

3. "**Contemplated Action**" shall mean the proceeding AE is intending to bring in the courts of the Republic of Angola seeking judicial review of the President of Angola's denial of AE's administrative appeal of a decision by the Angolan Ministry of Power and Water ("MINEA") to terminate AE's 13 contracts with two public Angolan companies - Empresa Pública de Produção de Electricidade ("PRODEL") and Empresa Nacional de Distribuição de Electricidade ("ENDE").

4. "**Discovery Material**" shall mean any and all materials, whether physical or electronic, produced or adduced in the course of discovery in this Proceeding, including responses to Subpoenas, deposition testimony and exhibits, and information derived directly therefrom.

5. "**GE**" shall mean General Electric Co., and any current or former director, officer, or employee thereof, as well as all its subsidiaries and business units.

6. "**Highly Confidential Information**" shall mean highly sensitive Confidential Information that is substantially likely to harm the business interests of GE by the mere disclosure to a party in the Contemplated Action.

7. "**Party**" or "**Parties**" shall mean AE and GE.

8. "**Privileged Matter**" shall mean any Discovery Material subject to the attorney-client privilege, work product doctrine, or any other privilege or protection.

9. "**Proceeding**" shall mean the above-captioned miscellaneous proceeding.

10. "**Protected Information**" shall mean Discovery Material that is designated as Confidential Information or Highly Confidential Information.

11. "**Qualified Person**" shall have the meaning ascribed to it in paragraph 20 below.

12. "**Subpoena**" or "**Subpoenas**" shall refer to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "**Document Subpoena**") and the Subpoena to Testify at a Deposition in a Civil Action (the "**Deposition Subpoena**") issued pursuant to the Order of the Court in this Proceeding on November 22, 2019 and served by AE.

## II. Confidentiality

13. Any person who receives any Protected Information pursuant to this Protective Order shall not disclose such Protected Information to anyone else except as expressly permitted hereunder and for the purpose of prosecuting this Proceeding or the Contemplated Action, or any other action or proceeding related to the events giving rise to the Contemplated Action.

14. Any person receiving any Protected Information pursuant to this Protective Order shall maintain such Protected Information in a secure and safe manner, and the recipient shall exercise all reasonable standards of due and proper care with respect to the storage, custody, and use of such Protected Information so that it is not further disclosed or used, either intentionally or inadvertently, in any manner inconsistent with this Protective Order.

15. The protections conferred by this Protective Order cover not only Protected Information, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Information.

16. GE may designate any Discovery Material as Confidential Information or Highly Confidential Information, which will constitute a representation by GE and its counsel that they believe in good faith that the Discovery Material so designated qualifies as Confidential Information or Highly Confidential Information hereunder.

17.     In designating Discovery Material as Confidential Information or Highly Confidential Information, GE may redact (i) private personal information (such as Social Security numbers) and (ii) commercially sensitive cost, pricing, and profit information (such as contribution margin figures).  GE may not otherwise redact on relevance or other grounds (other than privilege), unless an unredacted version of the material is previously provided to counsel for AE and AE, through its counsel, agrees to such redaction.  The unredacted version will be viewed only by AE's outside counsel, until the parties reach agreement concerning the proposed redaction, or the Court resolves any disagreement.

18.     GE shall stamp or otherwise clearly mark Discovery Material designated as Confidential Information with the following designation: "Confidential - Subject to Protective Order."  GE shall stamp or otherwise clearly mark Discovery Material designated as Highly Confidential Information with the following designation: "Highly Confidential - Subject to Protective Order."  Where marking as Confidential Information or Highly Confidential Information is impractical or impossible, GE may designate in writing that the information is such.

19.     With respect to deposition transcripts and exhibits, GE may either (a) indicate on the record that any question or response or the entire deposition should be designated as Confidential Information or Highly Confidential Information, or (b) provide notice to counsel for AE within five days after the transcript is made available to GE that any portion or the entire deposition is Confidential Information or Highly Confidential, in either of which case (a) or (b) the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter as: "Confidential Information - Subject to Protective Order" or "Highly Confidential –

Subject to Protective Order," as applicable. Any deposition transcript shall be treated as Highly Confidential Information for five days after the transcript is made available to GE.

20. Undersigned counsel for AE shall limit disclosure of Discovery Material designated as Confidential Information, including deposition transcripts and exhibits, to the following persons ("Qualified Persons"), provided that each such person, except for those persons referred to in subparagraphs 20(a), 20(b), and 20(c), has first reviewed the Protective Order and executed an Acknowledgement and Agreement to be Bound in the form annexed as Exhibit A hereto:

   a. This Court, its personnel, or court reporters;

   b. Any court of the Republic of Angola, including its judges, personnel, and court reporters, before which the Contemplated Action is brought;

   c. Any other tribunal where any other proceedings concerning the events giving rise to the Contemplated Action are or may be brought or pending, including court personnel, or court reports, as well as any administrative or executive officer of any government body having jurisdiction over matters related to the issues giving rise to the Contemplated Actions;

   d. Any in-house or outside counsel for AE or for any other party in the Contemplated Action, or in any other proceedings concerning the events giving rise to the Contemplated Action, including any paralegal, clerical and other assistant employed by such counsel, so long as that person is provided with a copy of this Protective Order, agrees to be bound by its terms, and signs the Acknowledgement attached hereto as Exhibit A, provided that the lawyers and employees of Holwell, Shuster & Goldberg shall have no obligation to sign Exhibit A;

e. Managers, directors, or employees of AE or of any other party in the Contemplated Action, or in any other proceedings concerning the events giving rise to the Contemplated Action, specifically assigned to work on the Contemplated Action, or any other proceedings concerning the events giving rise to the Contemplated Action, so long as that person is provided with a copy of this Protective Order, agrees to be bound by its terms, submits to the jurisdiction of this Court, and signs the Acknowledgement attached hereto as Exhibit A;

f. Independent, non-employee consultants, experts and vendors who are utilized by attorneys for AE or for any other party in the Contemplated Action, or in any other proceedings concerning the events giving rise to the Contemplated Actions, to furnish services in connection with the same so long as that person is provided with a copy of this Protective Order, agrees to be bound by its terms, and signs the Acknowledgement attached hereto as Exhibit A;

g. Any witness, translator or other person involved in the Contemplated Action, or any other proceedings concerning the events giving rise to the Contemplated Actions, so long as that person is provided with a copy of this Protective Order, agrees to be bound by its terms, and signs the Acknowledgement attached hereto as Exhibit A;

h. Others specifically identified to and authorized in writing by GE or its undersigned counsel, so long as that person is provided with a copy of this Protective Order, agrees to be bound by its terms, and signs the Acknowledgement attached hereto as Exhibit A.

21.     Undersigned counsel for AE shall limit disclosure of Discovery Material designated as Highly Confidential Information, including deposition transcripts and exhibits, to the Qualified Persons referred to in subparagraphs 20(a), 20(b), 20(c), 20(d), 20(f), 20(g), and 20(h), subject to the requirement stated therein with respect to the execution of Exhibit A hereto, as well as to Mr. Ricardo Machado (CEO of AE), provided that he has first reviewed the Protective Order and executed an Acknowledgement and Agreement to be Bound in the form annexed.

22.     Each Acknowledgement and Agreement to be Bound in the form annexed as Exhibit A hereto signed by a Qualified Person shall be retained by the undersigned counsel to AE for as long as this Protective Order remains in effect.

23.     AE shall be entitled to challenge any Confidential Information or Highly Confidential Information designation. If it does so, it shall notify GE's counsel, identifying the Discovery Material it believes does not qualify for protection under Rule 26 of the Federal Rules of Civil Procedure or the terms of this Protective Order. The Parties agree to promptly meet and confer in good faith regarding the challenge. If, after good faith discussions, the Parties are unable to resolve their disagreement, AE may seek relief from the Court pursuant to S.D.N.Y. Local Rule 37.2 and Rule 3 of the Court's Individual Practices in Civil Cases. The Discovery Material designated as Confidential Information or Highly Confidential Information shall be treated in accordance with its respective designation until the Court holds otherwise.

### III.     Permitted Use of Discovery Material

24.     Any Discovery Material, including Protected Information, produced in response to the Subpoenas may be utilized by Qualified Persons solely in the Contemplated Action, or any other proceedings concerning the events giving rise to the Contemplated Actions. AE shall not

use Discovery Material in any other proceeding or disclose it for any other purpose without advance written consent of GE or permission from this Court.

25. In connection with any disclosure of Protected Information to any court, tribunal, or executive or administrative government officer, AE shall ensure that such Protected Information carries the appropriate designation: "Confidential - Subject to Protective Order," for Confidential Information, and "Highly Confidential - Subject to Protective Order," for Highly Confidential Information. In addition, before making any such disclosures, AE shall use its best efforts to ensure that Protected Information is accorded the maximum level of protection available under Angolan or other applicable law, including for example by seeking to "seal" the Protected Information and/or obtain other appropriate confidentiality agreements or orders to restrict the disclosure to those persons identified in subparagraphs 20(a), 20(b), or 20(c), and otherwise maintain the confidential nature of any such Protected Information.

26. Should any person bound by this Protective Order be lawfully compelled to disclose or turn over Discovery Material, including Protected Information, by subpoena, order of a court, or where a regulatory or governmental entity so requires, AE shall immediately notify counsel for GE of such requirement, provide copies of documents indicating that AE is lawfully compelled to produce the Discovery Material, and allow a reasonable amount of time for GE to seek relief from this Court and/or from the court or entity requiring production before complying with such subpoena, order of a court, or demand from a regulatory or government entity. No person bound by this Protective Order who receives a subpoena, civil investigative demand, or other process seeking Discovery Material shall produce such Discovery Material unless (a) ordered by a court having competent jurisdiction, or (b) such production or disclosure is consented to by the GE.

27. Within six months of the conclusion of all actions or proceedings related to the events giving rise to the Contemplated Action, including any appeals, AE shall return all Discovery Material to counsel for GE, or certify in writing that reasonable steps were taken to destroy it. However, AE's outside counsel is not obligated to destroy attorney work product, correspondence, hearing transcripts, expert reports, or papers or exhibits filed in a court or tribunal, that incorporate Discovery Material.

### IV. Miscellaneous

28. The inadvertent disclosure or production of Privileged Matter shall not in and of itself waive the privilege or protection nor result in a subject matter waiver of any kind. Upon learning of the inadvertent production of Privileged Matter, the Producing Party must promptly give written notice to all counsel for the other parties that the Discovery Material is, in whole or in part, Privileged Matter, was inadvertently produced and state the nature of the privilege. Upon receipt of such notice, all parties who received copies of the Discovery Material identified in such notice shall within five (5) business days: (1) return to counsel for the Producing Party all such Discovery Material; or (2) take reasonable steps to destroy or permanently delete all Discovery Material and copies thereof and certify to counsel for GE that they have taken reasonable steps to destroy or permanently delete all unreturned material. Except to the extent set forth herein: (a) this paragraph does not alter or modify the otherwise applicable requirements for establishing that Discovery Material is subject to a privilege or protection; and (b) returning Discovery Material pursuant to this paragraph does not waive or otherwise alter the right of a party to object to the basis of the privilege asserted or to bring a motion to compel the production of such a Discovery Material.

29. This Protective Order may be amended or modified by further agreement of the Parties in writing or by an order of the Court.

30. Nothing in this Protective Order shall prevent GE from using or disclosing its own information for any purpose.

31. Nothing in this Protective Order shall prevent AE from using or disclosing for any purpose (a) its own information, (b) information that is or comes to be in AE's possession without any obligation of confidentiality to GE, or (c) Discovery Material that is or comes to be publicly available through no breach of the protective order. To the extent AE seeks to use or disclose Discovery Materials not designated either Confidential or Highly Confidential, it shall seek GE's permission to do so. If the parties do not agree, then AE make seek permission from the Court. If it does so, GE shall bear the burden of showing that good cause exists to limit the use or disclosure of the information AE seeks to use or disclose.

32. The failure to designate Discovery Material as Confidential or Highly Confidential does not constitute a waiver and may be remedied by prompt written notice upon discovery of the failure (although, until receiving such notice, AE will have no obligation of confidentiality with respect to Discovery Material not designated as Confidential or Highly Confidential).

33. AE shall take reasonable steps to assure compliance with this Protective Order by its respective affiliates, although not named as parties herein, but AE shall not be responsible for any violation of this Protective Order by any such affiliate or its counsel unless AE directed or willfully participated in the violation.

34. Any breach or violation of this Protective Order may be punishable as contempt of Court. The Court shall retain jurisdiction over all persons subject to this Order to the extent

necessary to enforce any obligation arising under this Protective Order or to impose sanctions for any contempt thereof, without prejudice to any other remedy GE may have in any other forum.

35. This Protective Order shall survive the termination of both this Proceeding, the Contemplated Action, or any other proceedings concerning the events giving rise to the Contemplated Actions.

IT IS SO STIPULATED.

| **On behalf of Aenergy S.A.:** | **On behalf of General Electric Company:** |
|---|---|
| January 6, 2020 | January 6, 2020 |
| HOLWELL SHUSTER & GOLDBERG LLP | COVINGTON & BURLING LLP |
| By: /s/ Vincent Levy<br>Scott M. Danner<br>Kevin D. Benish<br>425 Lexington Avenue,<br>New York, New York 10017<br>Tel.: (646) 837-5151<br>Fax: (646) 837-5150<br>Email: vlevy@hsgllp.com | By: /s/ David Z. Pinsky<br>620 Eighth Avenue<br>New York, NY 10018<br>Tel.: (212) 841-1177<br>Email: dpinsky@cov.com |

IT IS FURTHER ORDERED that any party who files confidential documents in this action, notwithstanding any paragraph of the Stipulated Protective Order, must comply with the undersigned's Individual Rules.

SO ORDERED:

_____  1/7/2020
HON. VALERIE E. CAPRONI
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
:
In re Application of Aenergy, S.A. for an Order Pursuant : No. 1:19-mc-00542-VEC
to 28 U.S.C. § 1782 to Conduct Discovery for Use in a :
Foreign Proceeding, :
:
:
:
------------------------------------- x

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I hereby acknowledge that I have read and understand the Protective Order entered in the above-captioned action on _____, and agree to be bound by its terms. I agree that I will not disclose Protected Information to anyone not entitled to receive such Protected Information or for purposes other than use in the Contemplated Action, or any other proceedings concerning the events giving rise to the Contemplated Actions, and that at the conclusion of the Contemplated Action, or any other proceedings concerning the events giving rise to the Contemplated Actions, I will promptly return all Protected Information to the attorney from whom I received it. I also agree to notify any secretarial, clerical or supporting personnel who are required to assist me of the terms of said Protective Order and to take steps to ensure their compliance with the terms of the Protective Order and their execution of an Acknowledgement and Agreement to Be Bound by the Protective Order. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself, and hereby agree, to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising with respect to my obligations under the Protective Order and that my violation of any term of the Protective Order could subject me to punishment by the United States District Court

for the Southern District of New York for contempt of Court, as well as any other remedial measure available to GE under applicable law.  I hereby designate Holwell Shuster & Goldberg LLP, counsel for Petitioner in the above-captioned action, as my representative upon whom may be served any lawful process in connection with my obligations under the Protective Order or this Acknowledgment and Agreement.

Date: _____ Signature: _____
Printed Name: _____
Title: _____