# Exhibit A



**COMMITTEE ON STATE COURTS
OF SUPERIOR JURISDICTION**
_____

ADRIENNE B. KOCH
**CHAIR**
605 THIRD AVENUE
NEW YORK, NY 10158
PHONE: (212) 716-3225
FAX: (212) 716-3349
AKoch@KatskyKorins.com

JOSEPH WEINER
**SECRETARY**
605 THIRD AVENUE
NEW YORK, NY 10158
PHONE: (212) 716-3317
FAX: (212) 716-3336
JWeiner@KatskyKorins.com

## Guidance and a Model for Categorical Privilege Logs

In July 2014, the Commercial Division of the Supreme Court of New York adopted Rule 11-b of Section 202.70(g), which became effective on September 2, 2014. The New York City Bar Association's Committee on State Courts of Superior Jurisdiction (the "Committee") supported adoption of the rule, which establishes a preference for categorical privilege logs. The Committee believes that some guidance might be useful for parties who may be new to the concept but whose cases may warrant a departure from the traditional document-by-document privilege log. The Committee offers the following practical guidance and model log.[1]

Rule 11-b establishes a preference for categorical designations, where appropriate, to reduce the time and costs associated with preparing privilege logs, and the Rule encourages parties to adopt the Division's preference by raising the specter of cost-shifting where one party insists on a document-by-document log when a categorical log would be more appropriate. By

_____

[1] This Memorandum was prepared by the Committee's E-Discovery Subcommittee, which is chaired by Cynthia Carney Johnson. The Committee would also like to thank Anna Mikhaleva, law clerk to Hon. Jeffrey Oing, for her valuable assistance.

requiring the producing party to certify with some specificity that the documents in each category are entitled to protected status, the Rule addresses concerns that parties may use the categorical approach to avoid disclosure of non-privileged documents.

However, Rule 11-b offers little guidance on what the court might deem adequate in terms of form and substance in a categorical log. We have therefore looked to experience in New York's federal courts – where such logs are more common (*see* Local Civil Rule 26.2(c), specifying that such logs are "presumptively proper" in certain circumstances) – for guidance.

Fundamentally, the Federal Rules of Civil Procedure do not distinguish between traditional and categorical privilege logs with respect to the adequacy of information required in the log. "Fed. R. Civ. P. 26 applies with the same force to a categorical log as it does to a traditional log that lists each document individually. Accordingly, a categorical privilege log is adequate if it provides information about the nature of the withheld documents sufficient to enable the receiving party to make an intelligent determination about the validity of the assertion of the privilege." Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J., 297 F.R.D. 55, 59 (S.D.N.Y. 2013). The Committee Notes to the Local Rules and a number of recent – and not so recent – cases in which the categorical privilege log was disputed for alleged deficiencies offer guidance on when the categorical approach might be appropriate and what constitutes information "sufficient to enable the receiving party to make an intelligent determination" about privileges asserted in the log.

**Determine whether the categorical approach is appropriate for your case.** The Commercial Division recognizes that some cases are better suited to the traditional document-by-document privilege log than others. But the Rule encourages parties to adopt the categorical approach "where appropriate." In the federal setting, the courts have found appropriate

circumstances to include cases in which a document-by-document log would be unduly burdensome and the additional information to be gleaned from a more detailed log would be of little material benefit to the discovering party. S.E.C. v. Thrasher, No. 92-CV-06987, 1996 WL 125661, *1-2 (S.D.N.Y. Mar. 20, 1996). Of course, what constitutes "unduly burdensome" is also open to interpretation. In Tyco Healthcare Group LP v. Mutual Pharm. Co. Inc., the court declined to allow a party to create a categorical privilege log of approximately 3000 documents, noting that the party had failed to establish that a document-by-document log of a few thousand documents would be unduly burdensome. No. 07-1299, 2012 WL 1585335 (D.N.J. May 4, 2012).

The court in Automobile Club of New York articulated a general rule of thumb for determining "appropriate circumstances," and observed that although Local Civil Rule 26.2 could be read to permit categorical logs in all cases, "there is some threshold below which the marginal utility of a categorical log is immaterial. For example, where the volume of withheld documents (in hardcopy format) could fit in a number 10 envelope, it would be difficult to justify a categorical log. Thus, the justification for a categorical log of withheld documents is directly proportional to the number of documents withheld." 297 F.R.D. at 60. This statement, we submit, provides relevant guidance.

**Discuss the privilege log protocol as part of the discovery plan at the meet-and-confers.** Rule 11-b requires parties to discuss the scope of the privilege review and relevant details of the log in a meet-and-confer session at the outset of the case and during meet-and-confer sessions scheduled periodically thereafter. In the federal courts, Local Civil Rule 26.2(c) similarly leaves the substantive details of the log to the producing party's interpretation of Fed. R. Civ. P. 26(b)(5) and the results of the producing party's cooperative efforts with the receiving

party.  The Committee Notes to Local Civil Rule 26.2(c) encourage parties to "cooperate with each other in developing efficient ways to communicate the information required by Local Civil Rule 26.2 without the need for a traditional privilege log."

In their highly instructive article "Asserting and Challenging Privilege Claims in Modern Litigation: The Facciola-Redgrave Framework," the Honorable John M. Facciola and Jonathan M. Redgrave see cooperation between parties as key to creating a privilege log acceptable to both the receiving party and the court.  They encourage parties to meet and confer in a good faith effort to agree on a host of privilege log-related issues, including categories and category descriptions, the possibility of excluding certain categories of documents from the privilege log altogether "by virtue of the high likelihood that they are not discoverable due to a privilege or protection," and issues that may arise related to indexing certain categories of documents.  Hon. John M. Facciola and Jonathan M. Redgrave, "Asserting and Challenging Privilege Claims in Modern Litigation: The Facciola-Redgrave Framework," 4 Fed. Cts. L. Rev 19, 45 (2009) ("Facciola and Redgrave").  Treatment of emails in the indexing process, for example, should be discussed and agreed upon by the parties.  The case law is unsettled on the treatment of email strings and the federal courts do not apply a uniform rule.  Treating an email string as a single conversation and indexing, or logging, the "last in time" email in the string is an accepted approach.  Muro v. Target Corporation, No. 04 C 6267, 2007 WL 3254463 (N.D. Ill. Nov. 2, 2007).  But it is not universally accepted.  In fact, the court in In re Universal Serv. Fund Tel. Billing Practices Litigation found such treatment to be inconsistent with established case law and held that each email in an email string must be individually logged.  232 F.R.D. 669, 671 (D. Kan. 2005).  On this issue, parties should look to the case law or court rules in the relevant

jurisdiction for guidance. Absent such instruction, it is incumbent on the parties to agree on a consistent and defensible approach to indexing email strings containing privileged information.

Parties are also encouraged to enter into a non-waiver agreement and/or to request the court to incorporate such agreement into an order similar to a Rule 502(d) Order.[2] Although such an agreement will be neither subject to Federal Rule of Evidence 502(d) nor controlling in other actions in the New York State courts, it will allow the parties to share information about arguably privileged documents during the meet-and-confers without waiving privilege and will provide an informal means of resolving issues related to the categorization or indexing of documents once production begins. New York State Bar Association, Best Practices in E-Discovery in New York State and Federal Courts Vers. 2.0 (December 2012).

**The categories should be reasonably organized and the categorical descriptions should illuminate (rather than obscure) the nature of the materials withheld.** As Facciola and-Redgrave note: "The parties should identify categories into which the withheld documents can be arranged in order to understand (a) the basis for withholding the document, and (b) the general subject matter of the documents in the category. The categories can be any manner of reasoned organization. For example, they could be by subject matter, by date range, or by specific name or type of author, sender, or recipient. The categories can be of different types. Also, documents may appear in two or more categories. The object of this exercise is to create a set of natural differentiations among documents so the parties can say, once again with confidence, what is true of items within the category is true of the whole." Facciola and Redgrave, 4 Fed. Cts. L. Rev at 45.

---

[2] There is no equivalent to Rule 502(d) in New York State courts.

Category descriptions should be well considered.  Descriptions of the documents must not only adequately describe the documents but also allow the court or opposing party to determine why the privilege might apply to the documents described.  <u>FDIC v. Fid. & Deposit Co. of Md.</u>, 3:11-cv-19-RLY-WGH, 2013 WL 2421770, *6-8 (S.D. Ind. June 3, 2013).  Vague descriptions are likely to be challenged by the receiving party and/or the court.  Overly thoughtful descriptions may raise suspicions as well.  In <u>Chevron Corporation v. Salazar</u>, for example, Chevron described a category of documents containing press releases and news clippings as "Documents assembled, obtained, gathered, or complied as part of a fact investigation at the direction of counsel and in anticipation of litigation or in preparation for trial, the assembling, obtaining, gathering, or compiling of which reflect the thoughts, impressions, legal theories, or litigation strategies of counsel regarding discovery proceedings pursuant to 28 U.S.C. Section 1782 seeking discovery."  Following <u>in camera</u> review, the court noted that a more straightforward description of the documents would be "press releases and news clippings," some or all of which would be subject to disclosure.  The court chided Chevron for its efforts to impede the defendants' ability to challenge Chevron's assertions of privilege and ordered Chevron to produce an itemized privilege log.  No. 11 Civ. 3718, 2011 WL 4388326, *1-2 (S.D.N.Y. Sept. 20, 2011).

**Justify the assertion of privilege with regard to each category.**  The log should expressly justify the privilege asserted for each category and describe the nature of the documents to be protected in a manner that "will enable other parties to assess the claim" without revealing privileged information. <u>Cf</u>. Fed. R. Civ. P. 26(b)(5).  Courts appear mindful of the difficulty of crafting such descriptions without giving away the store.  Again, what is true of items within the category must also be true of the whole. Producing parties who fail to educate

the court as to why the documents in a category are privileged can expect to be challenged and should be prepared for an in camera review of exemplar documents, the outcome of which can be dire if the court finds that the sampling of documents yields materials subject to disclosure. In FDIC v Fidelity and Deposit Company of Maryland, for example, the court noted that where one party had the burden to establish privilege, the court would construe any ambiguities and draw all inferences in favor of disclosure. 2013 WL 2421770, *8. In some cases, the courts have deemed waiver well-settled law and an appropriate penalty for parties who fail to adequately justify the basis for the privilege asserted. See In re Universal Serv. Fund Tel. Billing Practices Litigation, 232 F.R.D. at 671 (D. Kan. 2005). In In re Rivastigmine Patent Litigation, the court permitted a party to submit a categorical privilege log, but warned that if it later found any categorical justification inadequate, it would order all of the documents within that category to be produced without further review. In re Rivastigmine Patent Litig. (MDL No. 1661), 237 F.R.D. 69, 73 (S.D.N.Y. 2006)

**A model categorical privilege log.** The model categorical log on the following page draws from the substantive and critical comments of the courts in the cases referenced above, as well as from other cases in which categorical privilege logs were the subject (in whole or in part) of a court's decision. Although circumstances may demand that some logs require more information specific to the case, the model includes the information generally required in any categorical privilege log, including dates of withheld documents, authors/recipients/copyees, number of documents withheld and the privilege asserted.

# Model Categorical Privilege Log

| Category No. | Date Range[1] | Document Type | Sender(s)/Recipient(s)/Copyee(s) | Category Description | Privilege Justification | Documents Withheld (Total Documents: 454)[2] | Documents Withheld, Including Families[3] |
|---|---|---|---|---|---|---|---|
| 1 | 3/11/2012 - 6/30/2012 | Email, PDF | **Attorneys:** K. Currie, Esq.; S. Salem, Esq.; E. Mendola, Esq.; F. Fernandez, Esq.; J. Driscoll, Esq.; T. Duxbury, Esq (Smith and Kline LLP).; K. Currie, Esq. **Client:** M. Salem; K. O'Shea; J. Martin; C. Dew; F. Zeigler; M. Moore; E. Andrews; A. Skar; A. Chen; J. Ginter; F. Treglia;B. Parks; R. Thomas; V. Anderson; H. Dickey; C. Vega; M. McIntosh; B. Carrol; E. Schmidt; B. Newburn; S. Turner; J. Rose; C. Whalen; C. Acton; D. Holmes; K. Stewart; J. Ginter; F. Treglia **Qualified Third-Parties:** H. Smith (Accountants LLP), D. Jones (Consultant) | Communications with outside counsel providing, requesting or reflecting legal advice regarding easement and operating agreement negotiations with Heights Building Ltd. | Attorney-Client Privilege; Attorney Work Product | 325 | 415 |
| 2 | 3/11/2012 - 5/31/2012 | Email, Powerpoint, PDF | **Attorneys:** K. Currie, Esq.; S. Salem, Esq.; E. Mendola, Esq.; F. Fernandez, Esq.; J. Driscoll, Esq.; T. Duxbury, Esq (Smith and Kline LLP).; K. Currie, Esq. **Client:** M. Salem; K. O'Shea; J. Martin; C. Dew; F. Zeigler; M. Moore; E. Andrews; A. Skar; A. Chen; J. Ginter; F. Treglia;B. Parks; R. Thomas; V. Anderson; H. Dickey; C. Vega; M. McIntosh; B. Carrol; E. Schmidt; B. Newburn; S. Turner; J. Rose; C. Whalen; C. Acton; D. Holmes; K. Stewart; J. Ginter; F. Treglia | Communications with in-house counsel providing, requesting or reflecting legal advice regarding third-party claims related to Montague construction. | Attorney-Client Privilege; Attorney Work Product | 45 | 52 |
| 3 | 3/11/2012 - 6/30/2012 | Email, PDF | J. Ginter; F. Treglia; K.; A. Adams.; K. O'Shea; J. Martin; C. Dew; F. Zeigler; M. Moore; E. Andrews; M. Salem; A. Skar; A. Chen; B. Parks; R. Thomas; V. Anderson; H. Dickey; C. Vega; M. McIntosh; B. Carrol; E. Schmidt; B. Newburn; S. Turner; J. Rose; C. Whalen | Communications between non-lawyers containing information prepared by or on behalf of an attorney in preparation of litigation regarding Montague construction contracts. | Attorney Work Product | 68 | 82 |
| 4 | 4/16/2012 - 6/30/2012 | Email | **Attorneys:** K. Currie, Esq.; S. Salem, Esq.; E. Mendola, Esq.; F. Fernandez, Esq.; J. Driscoll, Esq.; T. Duxbury, Esq (Smith and Kline LLP).; K. Currie, Esq. **Client:** M. Salem; K. O'Shea; J. Martin; C. Dew; F. Zeigler; M. Moore; E. Andrews; A. Skar; A. Chen; J. Ginter; F. Treglia;B. Parks; R. Thomas; V. Anderson; H. Dickey; C. Vega; M. McIntosh; B. Carrol; E. Schmidt; B. Newburn; S. Turner; J. Rose; C. Whalen; C. Acton; D. Holmes; K. Stewart; J. Ginter; F. Treglia | Communications with counsel containing information prepared in anticipation of litigation regarding pending litigation related to consumer complaints. | Attorney-Client Privilege; Attorney Work Product | 52 | 152 |
| 5 | 6/01/2012 - 6/15/2012 | Email | **Attorneys:** K. Currie, Esq.; S. Salem, Esq.; E. Mendola, Esq.; F. Fernandez, Esq.; J. Driscoll, Esq.; T. Duxbury, Esq (Smith and Kline LLP).; K. Currie, Esq. **Client:** M. Salem; K. O'Shea; J. Martin; C. Dew; F. Zeigler; M. Moore; E. Andrews; A. Skar; A. Chen; J. Ginter; F. Treglia;B. Parks; R. Thomas; V. Anderson; H. Dickey; C. Vega; M. McIntosh; J. Rose; C. Whalen; C. Acton; D. Holmes; K. Stewart; J. Ginter; F. Treglia | Communications with counsel providing, reflecting or requesting legal advice regarding public disclosure and corporate governance issues related to pending litigation. | Attorney-Client Privilege; Attorney Work Product | 15 | 15 |

1. Parties will agree on the relevant date range for discovery in the litigation. Date ranges in the log are a subset of this range and reflect the date of the earliest document and the date of the last document in the category.

2. Documents may appear in more than one category. Total Document represents the total document count.

3. Documents Withheld represents the number of documents to which privilege applies in each category; Documents Withheld, Including Families includes these documents with families, which may not be privileged.